```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) Criminal No. 09-CR-10216-MLW |
| | ) VIOLATIONS: |
| 1. LEYVAN ALVAREZ-BASTIDAS, | ) |
|       a.k.a. "Ivan" | ) 21 U.S.C. §§ 963, 952, 959(a) |
| 2. HECTOR JAVIER CASTRO-MEZA | ) and 960(b)(1)(A) - Conspiracy |
|       a.k.a. "Pepe" | ) To Import and Manufacture and |
| 3. LUIS ALBERTO ZAPATA-SANCHEZ, | ) Distribute for Unlawful |
|       a.k.a. "El Negro" | ) Importation Five Kilograms or |
| 4. GUSTAVO CASTRO-CAICEDO, | ) More of Cocaine |
|       a.k.a. "Luis Amaro" | ) |
| 5. FIDEL ALBERTO RUALES-VALLIJO, | ) 21 U.S.C. §§ 853, 970 - Drug |
|       a.k.a. "Cui" | ) Forfeiture Allegation |
| 6. MAY ADOLFO MORCILLO-MOLINA, | ) |
|       a.k.a. "May" | ) |
| 7. BERNARDO ALBERTO MERINO-CUARAN, | ) |
|       a.k.a. "Gaviota" | ) |
| 8. ALEX CASTRO-CORTES, | ) |
|       a.k.a. "Alex," or "Ali" | ) |
| | ) |
|       Defendants. | ) |

## INDICTMENT

**COUNT ONE:**   (Title 21, United States Code, Section 963 - Conspiracy to Import Cocaine and to Manufacture and Distribute Cocaine for Unlawful Importation)

The Grand Jury charges that:

From a date unknown to the Grand Jury, but from at least in or about March 2007, and continuing thereafter until on or about the date of this indictment, in Colombia, South America, and elsewhere,

```
          1. LEYVAN ALVAREZ-BASTIDAS,
                 a.k.a. "Ivan,"

          2. HECTOR JAVIER CASTRO-MEZA,
                 a.k.a. "Pepe,"

          3. LUIS ALBERTO ZAPATA-SANCHEZ,
```

1

      a.k.a. "El Negro,"

   4. GUSTAVO CASTRO-CAICEDO,
     a.k.a. "Luis Amaro,"

   5. FIDEL ALBERTO RUALES-VALLIJO,
     a.k.a. "Cui,"

   6. MAY ADOLFO MORCILLO-MOLINA,
     a.k.a. "May,"

   7. BERNARDO ALBERTO MERINO-CUARAN,
     a.k.a. "Gaviota,"

   8. ALEX CASTRO-CORTES,
    a.k.a. "Alex," or "Ali,"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States: (1) to unlawfully, knowingly and intentionally import cocaine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Colombia, South America, in violation of Title 21, United States Code, Section 952(a); and (2) to manufacture and distribute cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

  It is further alleged that the conspiracy described herein involved at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance.  Accordingly, Title 21, United States Code, Section 960(b)(1)(B) applies to this count.

All in violation of Title 21, United States Code, Section 963.

## CRIMINAL FORFEITURE ALLEGATION

(21 U.S.C. §§ 853, 970 -- Criminal Forfeiture)

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this Indictment,

    1. **LEYVAN ALVAREZ-BASTIDAS,**
       a.k.a. "Ivan,"

    2. **HECTOR JAVIER CASTRO-MEZA,**
       a.k.a. "Pepe,"

    3. **LUIS ALBERTO ZAPATA-SANCHEZ,**
       a.k.a. "El Negro,"

    4. **GUSTAVO CASTRO-CAICEDO,**
       a.k.a. "Luis Amaro,"

    5. **FIDEL ALBERTO RUALES-VALLIJO,**
       a.k.a. "Cui,"

    6. **MAY ADOLFO MORCILLO-MOLINA,**
       a.k.a. "May,"

    7. **BERNARDO ALBERTO MERINO-CUARAN,**
       a.k.a. "Gaviota,"

    8. **ALEX CASTRO-CORTES,**
       a.k.a. "Alex," or "Ali,"

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offense, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. If any of the properties described in paragraph 1, above,

as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 21, United States Code, Sections 853 and 970.

**A TRUE BILL**

_[signature]_
FOREPERSON OF THE GRAND JURY

_[signature]_
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; July __22__, 2009.

Returned into the District Court by the Grand Jurors and filed.

_[signature]_ Donald LaRoche 1:10 pm
DEPUTY CLERK