UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Crim. No. 09-10216-MLW |
| v. | ) |
| | ) VIOLATIONS: |
| 1. LEYVAN ALVAREZ BASTIDAS, | ) |
|    a/k/a "Ivan" | ) 21 U.S.C. §§ 963, 952, 959(a) |
| 2. HECTOR JAVIER CASTRO MEZA | ) and 960(b)(1)(A) - Conspiracy |
|    a/k/a "Pepe" | ) To Import and Manufacture and |
| 3. LUIS ALBERTO ZAPATA SANCHEZ, | ) Distribute for Unlawful |
|    a/k/a "El Negro" | ) Importation Five Kilograms or |
| 4. GUSTAVO CASTRO CAICEDO, | ) More of Cocaine |
|    a/k/a "Luis Amaro" | ) |
| 5. FIDEL ALBERTO RUALES VALLIJO, | ) 21 U.S.C. §§ 853, 970 - Drug |
|    a/k/a "Fidel Alberto Ruales | ) Forfeiture Allegation |
|    Vallijo," a/k/a. "Cui" | ) |
| 6. MAY ADOLFO MORCILLO MOLINA, | ) |
|    a/k/a. "May" | ) |
| 7. BERNARDO ALBERTO MERINO CUARAN, | ) |
|    a/k/a "Gaviota" | ) |
| 8. ALEX CASTRO CORTES, | ) |
|    a/k/a "Alex," a/k/a "Ali" | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT OF ZACHARY R. HAFER IN SUPPORT OF REQUEST FOR EXTRADITION**

I, ZACHARY R. HAFER, being duly sworn, depose and say:

1.  I am a citizen of the United States of America. I currently reside in the Commonwealth of Massachusetts.

2.  In June 1999, I received a Bachelor of Arts Degree from Dartmouth College in Hanover, New Hampshire. In May 2003, I received a Juris Doctor Degree from the University of Virginia School of Law, in Charlottesville, Virginia. I was admitted to the Bar of the State of New York in February 2004, where I am currently an active member. From August 2003 to August 2005, I was a law clerk to the Honorable Shirley W. Kram, United States District Court, Southern District

of New York. From September 2005 to September 2007, I was an associate in private practice at Debevoise & Plimpton LLP, in New York, New York.

3.  From October 2007 to the present I have been an Assistant United States Attorney ("AUSA") for the District of Massachusetts. I am currently assigned to the Office's Organized Crime Drug Enforcement Task Force ("OCDETF"). My duties include the investigation, prosecution, and trial of federal narcotics offenses. Based upon my training and experience, I am familiar with the criminal laws and procedures of this district and of the United States, as well as the extradition laws of the United States.

4.  In the course of my official duties, I have become familiar with the charges and evidence against: (1) Leyvan Alvarez Bastidas, a/k/a "Ivan," (2) Hector Javier Castro Meza, a/k/a "Pepe," (3) Luis Alberto Zapata Sanchez, a/k/a "El Negro," (4) Gustavo Castro Caicedo, a/k/a "Luis Amaro," (5) Fidel Alberto Ruales Vallejo, a/k/a "Fidel Alberto Ruales Vallijo," a/k/a "Cui," (6) May Adolfo Morcillo Molina, a/k/a "May," (7) Bernardo Alberto Merino Cuaran, a/k/a "Gaviota," and (8) Alex Castro Cortes, a/k/a "Alex," a/k/a "Ali," (collectively referred to as the "Defendants"), in the case captioned United States v. Alvarez-Bastides, et al., Criminal Number 09-10216-MLW. This case arose out of a conspiracy which started in approximately March 2007 to import cocaine into the United States and to manufacture and distribute cocaine for unlawful importation into the United States. The charges against the Defendants were brought as a result of U.S. Drug Enforcement Administration ("DEA") Operation Beanpot ("Beanpot"), a multi-jurisdictional money laundering and drug trafficking investigation that utilizes confidential sources and undercover agents to target Colombia-based money brokers and high-level international drug traffickers. This investigation has targeted the money launderers, businesses, and drug traffickers who import drugs into the United

States and utilize the Black Market Peso Exchange to funnel drug proceeds to Colombia.

## I. The Grand Jury Process

5.     Under the laws of the United States, a criminal prosecution may be commenced by a federal grand jury on its own decision to return and file an indictment with the Clerk of the United States District Court. A federal grand jury is composed of not fewer than sixteen people whom the United States District Court selects at random from the residents of the District of Massachusetts. The purpose of the grand jury is to review the evidence of crimes presented to it by United States law enforcement authorities. After independently reviewing this evidence, each member of the grand jury must determine if there is probable cause to believe that a crime has been committed, and that the particular defendant committed the crime. A grand jury returns an indictment when at least twelve grand jurors have voted in favor of an indictment. An indictment is a formal document that charges the defendant with a crime or crimes, describes the specific laws that the defendant is accused of violating, and describes the acts of the defendant that are alleged to be violations of the law. After the grand jury returns the indictment, a warrant for the defendant's arrest is issued by the United States District Court. A grand jury can also approve and file one or more superseding indictments, which can amend the charges against a defendant and charge additional individuals. A superseding indictment is approved and filed in the same manner as the original indictment.

## II. The Charges and Pertinent Law

6.     On July 22, 2009, a federal grand jury in the District of Massachusetts returned indictment number 09-10216-MLW, formally charging the Defendants with a dual object conspiracy to (a) import, five kilograms or more, of a controlled substance (cocaine) with intent to import into the United States from a place outside thereof and to (b) manufacture and distributed controlled

substance (cocaine) knowing that it would be unlawfully imported into the United States, contrary to Title 21, United States Code, Sections 952(a) and 959(a), in violation of Title 21, United States Code, Sections 963 and 960(b)(1)(B).

7. The indictment also contains a forfeiture allegation pursuant to Title 21, United States Code, Sections 853 and 970, seeking the forfeiture to the United States of any property consisting of or derived from any proceeds which the defendant obtained as the result of the criminal actions alleged in the indictment, and any property which he used or intended to use to commit of facilitate the commission of these criminal actions.

8. Warrants for the arrests of the Defendants for the offense charged in indictment number 09-10216-MLW were issued by the United States District Court for the District of Massachusetts on July 22, 2009. These arrest warrants remain valid and enforceable.

9. None of the Defendants has been previously prosecuted or convicted for any of the offenses for which extradition is sought, nor have they been ordered to serve any sentence for any of the offenses subject to this request.

10. The federal statutes or relevant portions of the statutes cited above are annexed to this affidavit as Exhibit A. Each of these statutes was a duly-enacted law of the United States at the time that the offenses were committed, and at the time that the indictment was filed, and they remain in full force and effect.

11. I have also attached, as part of Exhibit A, the true and accurate text of Title 18, United States Code, Section 3282, which is the statute of limitations on prosecuting the crimes charged in the indictment. The statute of limitations merely requires that a defendant be formally charged within five years of the date the offense or offenses were committed. Once an indictment has been

filed in a federal district court, as with the charges against the defendants, the statute of limitations is tolled and no longer runs. The reason for this is so that a criminal not escape justice simply by hiding out and remaining a fugitive for an extended period of time.

12.  I have thoroughly reviewed the applicable statute of limitations. Since the applicable statute of limitations is five years and the indictment, which charges criminal violations occurring from in or about March 2007 until on or about the date of the indictment, July 22, 2009, the defendants were formally charged within the prescribed five year time period. The prosecution of the charge in this case is therefore not barred by the statute of limitations.

13.  It is the practice of the United States District Court for the District of Massachusetts to retain the original indictment and warrant of arrest and file them with the Clerk of the court. Therefore, I have obtained certified and true copies of the indictment and arrest warrants for the Defendants from the Clerk of the Court and have attached them to this affidavit as Exhibit B and Exhibit C, respectively.

14.  Count One of the indictment alleges that Defendants engaged in a criminal conspiracy aimed at importing and manufacturing and distributing for unlawful importation cocaine. Under United States law, a conspiracy is simply an agreement to violate another criminal statute. In other words, the act of agreeing, or coming to a mutual understanding with one or more other persons to try to accomplish a common and unlawful plan is a crime in and of itself. Such an agreement need not be formal, and may simply be an oral or implicit understanding between the conspirators. Because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the prosecution to establish that the conspirators actually succeeded in accomplishing their unlawful plan. A person may become a member of a conspiracy without full knowledge of all of the

details of the unlawful scheme, or the names and identities of all of the other conspirators. Consequently, if a defendant has a general understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on at least one occasion, that is sufficient to convict him of conspiracy, even if he had not participated before, and even if he played only a minor part.

15. In order to convict the Defendants of the conspiracy charged in Count One of the indictment, the United States must prove at trial that defendants came to an agreement or mutual understanding with one or more persons to try to accomplish a common and unlawful plan, that is, to: (1) to unlawfully, knowingly and intentionally import cocaine, a Schedule II controlled substance, into the United States from a place outside thereof; and (2) to manufacture and distribute cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States. Cocaine is a controlled substance under United States law, as provided in Title 21, United States Code, Section 812. The United States must further prove that Defendants, knowing the unlawful purpose of the plan, willfully joined in it. The maximum penalty for a violation of Title 21, United States Code, Section 963, involving 5 kilograms or more of cocaine, is a life term of imprisonment, a ten-year term of supervised release, a fine of $4,000,000, and a special assessment of $100.

### III. Summary of the Facts of the Case

16. As reflected in more detail in the affidavit of DEA Special Agent Dennis Barton, attached hereto as Exhibit D, since at least March 2007, and continuing until at least July 22, 2009, the Defendants were members of an international narcotics-trafficking organization that conspired to transport cocaine from Colombia to the Bahamas by sea, for ultimate introduction into, and distribution in, the United States. The organization used Filipino Merchant Marines traveling on

commercial vessels to transport the cocaine. In the course of investigative the actions of this conspiracy, Colombian authorities have seized approximately 2,000 kilograms of cocaine, most of which was the property of Alvarez-Bastidas's drug trafficking organization.

17. All of the Defendants' conduct alleged in the indictment occurred after December 17, 1997.

## IV. Conclusion

18. I have reviewed the affidavit of Special Agent Barton in this case and attest that the evidence indicates that the Defendants are guilty of the offenses for which extradition is sought.

                                            Respectfully submitted,

By: _____
      Zachary R. Hafer
      Assistant U.S. Attorney
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      (617) 748-3100

Sworn and Subscribed Before Me this 26 Day of October 2009.

_____
HONORABLE JUDITH G. DEIN
Chief United States Magistrate Judge
District of Massachusetts